IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JESUS RANGEL,
      Plaintiff,

Vs.

Case No. **19-C-0451**

JURY TRIAL DEMAND.

Jessica S. Lorum, Probation Agent,
Neil Thoreson, Regional Chief,
Jane & John Does, Employees of
Department of Community Corrections,
      **Defendants**

---

### PLAINTIFF CIVIL SUIT COMPLAINT PUR 42 U.S.C. §1983

### I. INTRODUCTION

1) Now comes plaintiff proceeding pro se, without any computer expertise, or formal legal education hereby request this court to grant this suit and allow plaintiff to proceed against all listed defendant including the Jane & John Does, until the names of the other management/supervisors are determined through discovery or set a date when the defendants counsel must have the names submitted to plaintiff. At which time the plaintiff will supplement this suit with the defendants names.

2) Plaintiff request this court to provide all the defendants names that were defendant Lorums supervisor, and or manager, regional chief during this time of January 2016, thru June 2017, at the probation and parole office located 3073 S Chase Ave Milwaukee WI, or any other Parole office she worked in.

3) Plaintiff hereby states that while on extended supervision in Milwaukee County case number 10 CF 2133 the plaintiff was sexual assaulted by his then parole agent Lorum. Plaintiff was forced to have sexual intercourse with her 2 or 3 times a week either in her car or at plaintiff's house. If he refused to do as she stated she threatened him with revocation of his supervision.

4) Plaintiff pressed charges against her in Milwaukee County Case Number #2018CF2795. Ms. Lorum, plead guilty of Misconduct in Public Office (Fail to Perform Mandatory Duty) in violation of Wis. Stat. §946.12 (1) and §939.50 (3)(i) which is a class I Felony, and sentenced to a total of 26 months prison consisting of 13 months of initial confinement, followed by 13 months supervision. The Court stayed or held open this sentence and placed the defendant on 2 years of probation.

5) Plaintiff hereby sues the defendants in their individual capacity as a State Employee for the Division of Community Corrections & Wisconsin Department of Corrections and seeks damages in the amount of $100,000,00 from each defendant.

## II. JURISDICTION & VENUE

6) This court is appropriate venue under 28 U.S. C. §1391(b)(2), the event given rise to the claims herein occurred in the Eastern District of Wisconsin. This court has subject matter jurisdiction over plaintiffs Federal law claims 28 U.S.C. §331; §1334(A)(3). The Court has supplemental jurisdiction over plaintiff's State Law Claims pursuant to 28 U.S.C. §1367. This is brought under Constitutional and Law of the United States, 28 U.S.C. §1343. This action seeks redress and damages for violations of 42 U.S.C. §1983, and 42 U.S.C. §1985.

## III. EXHAUSTION REQUITEMENTS.

7) All administrative remedies have been exhausted as is required by the PLRA 1997. All inmates complaints have been filed and were denied or rejected. Additionally, plaintiff was not incarcerated at the time of the constitutional violations.

## IV. PARTIES NAMES & ADDRESSES.

8) Plaintiff Jesus Rangel is the plaintiff in the above titled case, and is located at New Lisbon Correctional Institution, P.O. Box 4000, New Lisbon, WI 53950-4000.

9) Defendant Jessica S. Lorum, was a State Parole Agent for the DCC located in Milwaukee and is sued in her individual capacity acting under the color of law.

10) Defendant Neil Thoreson, is the Regional Chief for (regain 3) located at 4160 North Port Washington Rd, Mil, WI 53212, and sued in his individual capacity acting under color of state law.

11) Jane Doe is employed by the DCC as a supervisor/manager and is sued in her individual capacity acting under color of state law.

12) John Doe is employed by the DCC as a supervisor/manager and is sued in his individual capacity acting under state law.

## V. STATEMENT OF CASE.

13) During Sept 2016 on or about June 2017, at 1013 South 35th Street, in Milwaukee County WI, public employee did intentionally fail to perform a known mandatory, nondiscretionary, ministerial duty of the employee's employment in the manner required by law. Ms. Lorum forced plaintiff to have sexual intercourse with plaintiff while on extended supervision in Milwaukee County, by uses of force and threats of bodily harm.

14) While on supervision plaintiffs Parole Agent (P.O.) Ms. Jessica S. Lorum violated Wisconsin Statute §946.12(1), §939.50(3) commit a class I felony for misconduct in office. Ms. Lorum was a Parole Agent for the Division of Community Corrections, a division of the Wisconsin Department of Correction.

15) During this time period plaintiff was forced to have sexual intercourse with defendant Lorum thru use of threats of revocation if plaintiff did not comply. Lorum further threatened plaintiff with physical harm by her family members who are allegedly to be in the mob.

16) Plaintiff claims that defendant Neil Thoreson, is the Regional Chief of Reign #3 had knowledge that defendant Lorum had a habit of violating DOC & DCC policy and procedures. Thoreson moved Lorum from one location and moved her to another for having sexual intercourse with her manager as well as having sexual relations with other unknown persons on extended supervision.

17) The defendant violated plaintiffs constitutional right under the eighth amendment cruel and unusual punishment, and excessive force threats of bodily harm to plaintiff and his family members (Child) if he told anyone or if plaintiff didn't comply.

18) Due to defendants criminal actions against plaintiff he now suffers from a psychological injury. I do not trust authority figures, and in constant fear that his son will be injured or that I will be retaliated against by defendant's family members and their parole agent friends.

19) That DOC/DCC has a policy that states agents are not to have sex with parolee's. That once Thoreson found out that Lorum had sexual intercourse with her boss, instead of transferring her, she should have been fired as it violates DCC policy.

20) "To recover damages under 42 U.S.C. § 1983 a plaintiff must prove that the defendants acted under color of state law, that their actions resulted in a deprivation of the plaintiff's constitutional rights, and that the action of the defendants proximately caused the constitutional violation." **Rakovich v. Wade, 850 F.2d 1180, 1189 (7th Cir. 1988)** "A public official acting in his official capacity is not liable to parties that have been injured as a result of some action that official has taken. There is an exception to this general rule when the action arises from carrying out a purely ministerial duty. The Supreme Court of Wisconsin defines a "ministerial" duty as being absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion. **See Liebenstein v. Crowe, 826 F. Supp. 1174, 1183 (E.D.(WIS) 1992).**

21) DOC/DCC has a strict policy against Probation agents having sexual intercourse with their parolee's they are supervising. Parole Agent Lorum clearly violated this policy. However, plaintiff cannot obtain said policy until he obtains discovery.

22) Plaintiff states that Wis. Stat. 946.12 (1) official misconduct and §939.50(3)(i)which Lorum plead guilty to is sufficient proof that Plaintiff was sexually assaulted. **(See Exhibit 1 attached to this complaint)**

### RELIEF REQUESTED

Plaintiff request this Court grant the following:

(1) Damages in the amount of $100,000,00 from each defendant.

(2) Plaintiff is open to mediation in this case pursuant to the Court rules.

(3) Trial by Jury.

(4) Compensatory damages in the amount of $25,000 per

Dated this 5 day of March 2019.
Respectfully Submitted,

_____
Pro se Plaintiff

_____                    _____
Date                                                Signature of Defendant

Subscribed and sworn to before me

This 5th day of March, 2019.

_Rhonda G Cordero_
Notary Public, State of Wisconsin
My Commission: August 15, 2021
C: File