UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS RANGEL,

        Plaintiff,

   v.                                               Case No. 19-C-451

JESSICA S. LORUM, Probation Agent,
NEIL THORESON, Regional Chief, and
JANE & JOHN DOES, Employees of
Department of Community Corrections,

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $251.47. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges that between September 2016 and June 2017, his parole agent Jessica Lorum forced him to have sexual intercourse with her 2 to 3 times per week while he was on supervision by threatening him with revocation if he refused. The plaintiff also alleges that Lorum

2

further threatened that her family would physically harm him and his child if he did not comply with her demands.

The plaintiff also alleges that Neil Thoreson, the Regional Chief for the Milwaukee Office of the Division of Community Corrections (DCC), was aware that Lorum had sexual relations with other parolees that she supervised and had a habit of violating DCC policies prohibiting probation agents from such acts. The plaintiff alleges that Thoreson relocated Lorum as a result of her actions rather than firing her for violating DCC policies. As a result of the defendants' actions, the plaintiff asserts that he suffers from psychological injuries, is in constant fear of retaliation against him or his child, and does not trust authority figures. The plaintiff is seeking monetary relief.

## THE COURT'S ANALYSIS

The plaintiff's complaint is sufficient to state a claim a claim against Lorum because sexual harassment by a state employee is an actionable form of sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and is actionable under § 1983. *See Valentine v. City of Chicago*, 452 F.3d 670, 826 (7th Cir. 2006) ("Victims of sexual harassment by a state employer or employee can seek redress under § 1983 of the Civil Rights Act, 42 U.S.C. § 1983."); *Locke v. Haessig*, 788 F.3d 662, 667 (7th Cir. 2015) (affirming denial of qualified immunity for supervisor of parole agent who failed to respond to complaints by plaintiff parolee that agent was sexually harassing him). Since a person serving parole is still under sentence of the court, it would appear that sexual abuse by a probation or parole agent could also constitute cruel and unusual punishment in violation of the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from

sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise."). Here the plaintiff's allegation that his probation agent threatened him with revocation if he refused to have sex with her while she was acting as his parole agent is sufficient to state a claim under the Fourteenth Amendment.

Turning to Thoreson, a supervisor may be held liable for a subordinate's sexual harassment if the plaintiff can show "intentional sex discrimination or a conscious failure to protect the plaintiff from abusive conditions created by subordinates amounting to intentional discrimination." *Locke*, 788 F.3d at 667 (citing *Valentine*, 452 F.3d at 683–84; *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010)). "The supervisor[] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1998); *see also Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) ("Supervisory liability may attach, however, where a supervisor, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it."). Here the plaintiff alleges that Thoreson, Lorum's supervisor, was aware of her conduct towards the plaintiff as well as other parolees but did not take any steps to prevent it from continuing. Consequently, the plaintiff may proceed on his claim against Thoreson.

The court therefore finds that the plaintiff may proceed on the following claims: a claim against Lorum for forcing the plaintiff to have sexual intercourse with her to avoid revocation and a claim against Thoreson for failing to supervise, both arising under the Fourteenth Amendment to the United States Constitution. The plaintiff has also named Jane and John Does in his complaint but has not identified what it is they are alleged to have done. The complaint therefore fails to state a claim against any of them. If, in the course of discovery, evidence comes to light that supports

4

a claim against anyone else, the plaintiff may seek leave to add them as defendants. But there is no reason to keep the Doe defendants in the case at this stage.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Jane and John Doe Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $98.53 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  24th  day of April, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court