UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS RANGEL,

    Plaintiff,                                                         Case No. 19-c-0451

v.

JESSICA S. LORUM and
NEIL THORESON,

    Defendants.

## ANSWER TO COMPLAINT

Defendant Jessica S. Lorum, by her attorneys, von Briesen & Roper, s.c., answers the complaint as follows:

1. Answering paragraph 1, denies any knowledge or information sufficient to form a belief as to the computer expertise or legal education of plaintiff and therefore denies all such allegations.

2. Answering paragraph 2, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

3. Answering paragraph 3, denies the truth of the allegations contained therein.

4. Answering paragraph 4, denies that defendant plead guilty to any charge, whether as alleged therein or otherwise.

5. Answering paragraph 5, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

6. Answering paragraph 6, admits generally the truth of the allegations contained therein.

7. Answering paragraph 7, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

8. Answering paragraphs 8, 9 and 10, admits upon information and belief the truth of the allegations contained therein.

9. Answering paragraphs 11 and 12, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

10. Answering paragraph 13, denies the truth of the allegations contained therein.

11. Answering paragraph 14, admits that defendant was a Parole Agent for the division of Community Corrections which is a Division of Wisconsin Department of Corrections, but denies the truth of the remaining allegations contained therein.

12. Answering paragraph 15, denies the truth of the allegations contained therein.

13. Answering paragraph 16, admits that defendant Thoreson was the Regional Chief, but denies the truth of the remaining allegations contained therein.

14. Answering paragraph 17, denies the truth of the allegations contained therein.

15. Answering paragraph 18, denies that any criminal acts were committed by defendant against plaintiff, whether as alleged therein or otherwise; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

16. Answering paragraph 19, admits that DOC/DCC has a policy as alleged therein; further answering said paragraph, denies the truth of the remaining allegations contained therein.

17. Answering paragraph 20, affirmatively alleges that the allegations contained therein are legal conclusions as to which no answer is required; to the extent an answer is

required, defendant admits that the language contained therein is contained in the decision sited therein, but affirmatively alleges that the quoted language does not properly, fully, adequately, or completely describe the relevant provisions of law.

18. Answering paragraph 21, admit that the policy concerning probation agents exists; further answering said paragraph, denies the truth of the remaining allegations contained therein.

19. Answering paragraph 22, denies that defendant plead guilty; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

## **AFFIRMATIVE DEFENSES**

Now comes this answer defendant, and as and for her first affirmative defense, alleges that she has not been properly served with process, that, as a result thereof, this Court lacks personal jurisdiction over her, and that, as a result thereof, this action has not been properly or timely commenced against her.

As and for a further affirmative defense, alleges that plaintiff's claims are barred by the doctrines of *in pari delicto* and based on the doctrine of unclean hands.

As and for a further affirmative defense, alleges that any injuries or damages that may have been sustained by plaintiff were caused directly and proximately by his intentionally wrongful conduct at the time of and prior to the events involved herein.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint against her on its merits, together with her costs and disbursements herein.

TRIAL BY A JURY OF SIX OF ALL ISSUES
PROPERLY TRIABLE BY A JURY IS HEREBY DEMANDED.

Dated at Milwaukee, Wisconsin this 30th day of July, 2019

s/Terry E. Johnson
Terry E. Johnson, SBN: 1016704
Attorney for Defendant Jessica S. Lorum
von Briesen & Roper, s.c.
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202
414-221-6605
414-249-2604
tjohnson@vonbriesen.com

33445271_1