UNTIED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF WISCONSIN

U.S. District Court
Wisconsin Eastern
OCT 18 2019
FILED
Stephen C. Dries, Clerk

JESUS RANGEL #353671
    PLAINTIFF,

VS.                 Case No: 19-C-451

JESSICA LORUM, ET AL.
    DEFENDANTS

## AMENDED CIVIL COMPLAINT PURSUANT 42 U.S.C. § 1983

### I. INTRODUCTION

1) Now comes plaintiff proceeding pro se, without any computer expertise, or formal legal education herby requesting this court to proceed against all listed defendants including newly listed Corrections Field Supervisor William Francis, Whom was identified through discovery materials that defendants provided.

2) Plaintiff hereby states that while on extended supervision in Milwaukee County for case number #04CF3504, the plaintiff was sexually assaulted by his then Parole Agent Lorum. Plaintiff was forced to have sexual intercourse with her 2 or 3 times a week either in her car or at plaintiff's house. If he refused to do as she stated she threatened him with revocation of his supervision.

3) Plaintiff pressed charges against her in Milwaukee County Case Number #2018CF2795. Ms. Lorum, plead guilty of Misconduct in Public Office (Fail to Perform Mandatory Duty) in violation of Wis. Stat. § 946.12 (1) and § 393.50 (3)(I) which is a class I Felony, and sentenced to a total of 26 months prison consisting of 13 months of initial confinement, followed by 13 months supervision. The Court stayed or held open this sentence and placed the defendant on 2 years of probation.

4) Plaintiff hereby sues the defendants in their individual capacities as State Employees for the Wisconsin Department of Corrections – Division of Community Corrections and seeks damages of $100,000.00- Agent Jessica Lorum, $100,000.00- Regional Chief Neil Thoreson, & $500,000.00- Correctional Field Supervisor William Francis.

## II. JURISDICTION & VENUE

5) This court is appropriate venue under 28 U.S.C. § 1391 (b) (2), the event given rise to the claims herein occurred in the Eastern District of Wisconsin. This court has subject matter jurisdiction over Plaintiff's federal law claims 28 U.S.C. § 1334 (A) (3). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This is brought under constitutional and law of the United States, 28 U.S.C. § 1343. This action seeks redress and damages for violations of 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

## III. EXHAUSTION REQUITEMENTS

6) All administrative remedies have been exhausted as is required by the PLRA 1997. All inmates' complaints have been filed and were denied or rejected. Additionally, Plaintiff was not incarcerated at the time of the constitutional violations.

## IV. PARTIES NAMES & ADDRESSES

7) Plaintiff Jesus Rangel is the plaintiff in the above titled case, and is located at Chippewa Valley Correctional Treatment Facility, 2909 East Park Ave, Chippewa Falls, WI 54729.

8) Defendant Jessica S. Lorum was a State Parole Agent for the DCC located in Milwaukee and is sued in her individual capacity acting under the color of law.

9) Defendant Neil Thoreson is the Regional Chief (Region 3) located at 4160 North Port Washington Road, Milwaukee, WI 53212, and is sued in his individual capacity acting under color of state law.

10) Defendant William Francis is a Correctional Field Supervisor for the DCC located in Milwaukee and is sued in his individual capacity acting under the color of law.

## V. STATEMENT OF CASE

11) During September 2016 to on or about June 2017, at 1013 South 35th Street, in Milwaukee County Wisconsin, public employee did intentionally fail to perform a known mandatory, non discretionary, ministerial duty of the employee's employment in the manner required by law. Ms. Lorum forced plaintiff to have sexual intercourse with defendant while on extended supervision in Milwaukee County, by uses of force and threats of bodily harm.

12) While on supervision plaintiff's Parole Agent (P.O.) Jessica S. Lorum violated Wisconsin Statute § 946.12(1), § 939.50(3) commit a class I felony for misconduct in office. Ms. Lorum was a Parole Agent for the Division of Community Corrections, a division of the Wisconsin Department of Corrections.

13) During this time period the plaintiff was forced to have sexual intercourse with defendant P.O Lorum thru use o threats of revocation if plaintiff did not comply. P.O Lorum further threatened plaintiff with physical harm by her family members who are allegedly to be in the mob.

14) Plaintiff claims that defendant Neil Thoreson, who is the Regional Chief (Region 3) had knowledge that defendant Lorum had a habit of violation DOC & DCC policy and procedures. Thoreson moved P.O Lorum from one location and moved her to another for having sexual intercourse with her manager as well as having sexual relations with other unknown persons on extended supervision.

15) Plaintiff claims defendant William Francis, who is a Corrections Field Supervisor, who was P.O. Lorum's direct supervisor, had knowledge of Ms. Lorum's negligent activities, participated and facilitated her violation of the DOC & DCC policy and procedures.

16) Defendants CFS William Francis & PO Jessica Lorum was engage in an unprofessional relationship which put the plaintiff's safety & supervision at risk.

17) Plaintiff claims CFS William Francis had knowledge of Ms. Lorum's negligent activities, participated and facilitated her violation of the DOC & DCC policy and procedures and showed her favoritism because of her being in a sexual relationship with him.

18) Plaintiff claims CFS William Francis was aware of P.O Lorum's' wrongdoings in other departments and instead of following proper procedures and removing her from her position, he just facilitated her being moved from one department to another, which jeopardized the safety of multiple offenders; ultimately leading to the plaintiffs claim & assault. If CFS Francis would have acted as a DOC or State Employee should have, or with out grouse negligence this all would not have happened.

19) Plaintiff claims CFS William Francis failed to follow the rules of the Wisconsin Department of Corrections put in place for its employees for the Division of Community of Corrections.

20) Plaintiff claims CFS William Francis was negligent & failed to protect the plaintiff his agent (Ms. Lorum) was supervising by engaging in an unprofessional relationship. CFS Francis also attempted to interfere with

4

an internal DOC investigation, by contacting P.O. Lorum while she was on administrative leave. (Defendants discovery material made this apparent)

21) CFS William Francis played a large role in the overall facilitating of the assault and allowing P.O. Lorum to continue to carry on working as an agent, knowing she was violating DOC/DCC policy & procedures.

22) Due to defendants' criminal actions against plaintiff, he now suffers from a psychological injury. I do not trust authority figures, I constantly fear I will be retaliated against by defendant's family members and their parole agent friends and DOC/DCC contacts; I still have time to serve on extended supervision & have to deal with the repercussions of there doings.

23) The defendants violated the plaintiff's constitutional rights under the eighth amendment; cruel and unusual punishment, and excessive force of threats of bodily harm to plaintiff and his family members (Child) if he told anyone or if plaintiff didn't comply.

24) The DOC/DCC has a policy that states agents are not to have sex with parolee's. That once Thoreson found out that Lorum had sexual intercourse with her boss, instead of transferring her; she should have been fired as it violates DCC policy.

25) "To recover damages under 42 U.S.C. § 1983 a plaintiff must prove that the defendants acted under the color of state law, that their actions resulted in a deprivation of the plaintiff's constitutional rights, and that the action of the defendants proximately caused the constitutional violation." **Rakovich v. Wade, 850 F.2d 1180, 1189 (7th Cir 1988)** "A public official acting in his official capacity is not liable to parties that have been injured as a result of some action that official has taken. There is an exception to this general rule when the action

arises from carrying out a purely ministerial duty. The Supreme Court of Wisconsin defines a "ministerial" duty as being absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion. **See Liebenstein v. Crowe, 826 F. Supp. 1174, 1183 (E.D. (WIS) 1992).**

26) The plaintiff feels the following is relevant "The supervisor must know about the conduct & facilitate it, approve it, condone it OR turn a blind eye for fear of what they might see." **(Jones v. City of Chicago 856 F. 2d 985, 992 7th Cir 1998)** See also **(Kernats v O'Sullivan 35 F. 3d 1171, 1182 7th Cir 1994)** "Supervisory liability may attach however where a supervisor, with knowledge of subordinate conduct, approves of the conduct & the basis for it."

27) DOC/DCC has a strict policy against Probation Agents having sexual intercourse with their parolees' they are supervising. Probation Agent Lorum clearly violated this policy. However, plaintiff cannot obtain said policy until he obtains discovery.

28) Plaintiff states that Wis. Stat. § 946.12(1) Official Misconduct and § 939.50 (3) (I) which Lorum plead guilty to is sufficient proof that plaintiff was sexually assaulted. (See Wisconsin Circuit Court Access Case #2018CF2795) MILWAKEE COUNTY

## VI. RELIEF REQUESTED

PLAINTIFF REQUESTS THIS COURT GRANT THE FOLLOWING:

1. DAMAGES:  Probation Agent Jessica - $100,000.00

    Corrections Field Supervisor William Francis - $500,000.00

    Regional Chief Neil Thoreson - $100,000.00

2. Plaintiff is open to mediation in this case pursuant to the Court rules.

3. Trial by jury.

DATED THIS 13th DAY OF OCTOBER, 2019

RESPECTFULLY SUBMITTED:

JESUS RANGEL #353671
Pro Se Plaintiff

Chippewa Valley Correctional Treatment Facility
2909 East Park Ave
Chippewa Falls, WI 54729