UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS RANGEL,

        Plaintiff,

v.                                                 Case No. 19-C-451

JESSICA LORUM, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jesus Rangel, who is currently serving a state prison sentence at Chippewa Valley Correctional Treatment Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has filed an amended complaint seeking to add Corrections Field Supervisor William Francis as a defendant. The court will screen Plaintiff's amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that while he was on extended supervision in Milwaukee County case number 04CF3504, Plaintiff was sexually assaulted by his parole agent, Jessica Lorum. He claims that he was forced to have sexual intercourse with her two or three times per week, and she threatened to revoke his supervision and physically harm Plaintiff and his child if he refused. Plaintiff pressed charges against Lorum in Milwaukee County, and Lorum pled guilty of misconduct in public office in violation of Wis. Stat. § 946.12(1) and § 393.50.

Plaintiff asserts Neil Thoreson, the Regional Chief for the Milwaukee Office of the Division of Community Corrections, was aware that Lorum had sexual relations with other parolees that she supervised and had a habit of violating DCC polices prohibiting probation agents form such acts. He also claims William Francis, the Corrections Field Supervisor, had knowledge of Lorum's wrongful acts and facilitated those activities. As a result of the defendants' actions, Plaintiff asserts that he suffers from psychological injuries and is in constant fear of retaliation against him or his child. He seeks monetary relief as damages.

#### THE COURT'S ANALYSIS

Plaintiff's amended complaint is sufficient to state a claim against Lorum because sexual harassment by a state employee is an actionable form of sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. *See Valentine v. City of Chicago*, 452 F.3d 670, 826 (7th Cir. 2006) ("Victims of sexual harassment by a state employer or employee can seek redress under § 1983 of the Civil Rights Act, 42 U.S.C. § 1983."); *Locke v. Haessig*, 788 F.3d 662, 667 (7th Cir. 2015) (affirming denial of qualified immunity for supervisor of parole agent who failed to respond to complaints by plaintiff parolee that agent was sexually harassing him). Since a person serving parole is still under sentence of the court, it would appear that sexual abuse by a probation or parole agent could also constitute cruel and unusual punishment in violation of the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms, the Eighth Amendment right of prisoners to be free from sexual abuse was unquestionably clearly established prior to the time of this alleged assault, and no reasonable prison guard could possibly have believed otherwise."). Plaintiff's allegation that Lorum threatened him with revocation if he refused to engage in sexual intercourse with her while she was acting as his parole agent is sufficient to state a claim under the Fourteenth Amendment.

As to Plaintiff's claims against Thoreson and Francis, a supervisor may be held liable for a subordinate's sexual harassment if the plaintiff alleges "intentional sex discrimination or a conscious failure to protect the plaintiff from abusive conditions created by subordinates amounting to intentional discrimination." *See Locke*, 788 F.3d at 667 (citing *Valentine*, 452 F.3d at 683–84; *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010)). "The supervisor[] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones*

3

*v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1998); *see also Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) ("Supervisory liability may attach . . . where a supervisor, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it."). Here, Plaintiff asserts that Thoreson and Francis, Lorum's supervisors, were aware of her conduct but did not take steps to prevent it from continuing. In short, Plaintiff may proceed on his claims against these defendants.

Plaintiff will therefore be able to proceed on the following claims: a claim against Lorum for forcing Plaintiff to have sexual intercourse with her and claims against Thoreson and Francis for failing to supervise, both arising under the Fourteenth Amendment to the United States Constitution.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon William Francis pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

Dated at Green Bay, Wisconsin this __23rd__ day of October, 2019.

                                                   s/ James R. Sickel
                                                   James R. Sickel, Magistrate Judge
                                                   United States District Court