IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JESUS RANGEL,

    Plaintiff,

v.                                  Case No. 19CV0451

JESSICA LORUM, et al.,

    Defendants.

**DEFENDANTS WILLIAM FRANCIS AND NIEL THORESON'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Niel Thoreson and William Francis, by their attorneys, Attorney General Joshua L. Kaul and Assistant Attorneys General Sarah A. Huck and Katherine D. Spitz, answer Plaintiff's Amended Complaint as follows:

## I. INTRODUCTION

1. Defendant asserts that there are no factual allegations to which to respond. To the extent any response is required, Defendants DENY that Plaintiff is entitled to any relief.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore DENY.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore DENY.

4. Defendants Thoreson and Francis ADMIT they are each being sued in their individual capacities as a state employee for the Wisconsin Department of Corrections' Division of Community Corrections. Defendants DENY the remaining allegations and DENY that Plaintiff is entitled to any damages.

## II. JURISDICTION & VENUE

5. Defendants assert that the allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, Defendants ADMIT federal jurisdiction is proper in this lawsuit. Defendants further ADMIT the Eastern District is the appropriate venue. Defendants DENY remaining allegations.

## III. EXHAUSTION REQUIREMENTS

6. Defendants ADMIT the Plaintiff was not incarcerated at the time of the alleged conduct. Defendants DENY that Plaintiff filed any offender complaints about the conduct at issue in this lawsuit and DENY the remaining allegations.

## IV. PARTIES NAMES & ADDRESSES

7. Defendants ADMIT.

8. Defendants ADMIT Ms. Lorum was formerly employed as a parole agent for the Wisconsin Department of Corrections' Division of Community Corrections and DENY all remaining allegations.

9. Defendants ADMIT.

10. Defendants DENY that Francis is a Correctional Field Supervisor for the Wisconsin Department of Corrections' Division of Community Corrections, and ADMIT that Plaintiff is suing Francis in his individual capacity acting under color of law.

## V. STATEMENT OF CASE

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

12. Defendants ADMIT Ms. Lorum was formerly employed as a parole agent for the Wisconsin Department of Corrections' Division of Community Corrections. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

13. Defendants ADMIT Ms. Lorum was formerly employed as a parole agent for the Wisconsin Department of Corrections' Division of Community Corrections. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, DENY.

14. Defendants ADMIT that Thoreson is the Regional Chief (Region 3) and DENY all remaining allegations contained in paragraph 14.

15. Defendants DENY.

16. Defendants DENY.

17. Defendants DENY.

18. Defendants DENY.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore DENY.

20. Defendants DENY.

21. Defendants DENY.

22. Defendants Thoreson and Francis DENY that they engaged in any criminal actions against Plaintiff and lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations and therefore DENY.

23. Defendants DENY.

24. Defendants ADMIT it is generally prohibited for DOC staff to engage in sexual relationships with those under community supervision. Defendants DENY remaining allegations.

25. Defendants assert that the allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, Defendants DENY that they violated Plaintiff's constitutional rights.

26. Defendants assert that the allegations contained in this paragraph constitute conclusions of law to which no response is required. To the extent any response is required, Defendants DENY.

27. Defendants ADMIT it is generally prohibited for DOC staff to engage in sexual relationships with those under community supervision. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore DENY.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore, DENY.

## RELIEF REQUESTED

Defendants DENY that Plaintiff is entitled to any of the requested relief under this heading.

## OTHER

Defendants DENY any and all allegations in Plaintiff's Amended Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

As and for the affirmative defenses in this action, Defendants state as follows:

1. All or portions of Plaintiff's Amended Complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's Amended Complaint must be dismissed pursuant to the doctrine of qualified immunity.

3. To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's Amended Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e).

**WHEREFORE**, the Defendant demands judgment dismissing Plaintiff's Amended Complaint on the merits with prejudice, and for such other relief as the court deems just and proper, including the award of Defendant's reasonable attorney fees and expenses.

Dated this 5th day of November, 2019.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    s/Sarah A. Huck
    SARAH A. HUCK
    Assistant Attorney General
    State Bar #1036691

    KATHERINE D. SPITZ
    Assistant Attorney General

6
Case 1:19-cv-00451-WCG-JRS Filed 11/05/19 Page 6 of 7 Document 42

State Bar #1066375

Attorneys for Defendants Niel Thoreson
and William Francis

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7971 (Huck)
(608) 266-1001 (Spitz)
(608) 267-8906 (Fax)
HuckSA@doj.state.wi.us
spitzkd@doj.state.wi.us