UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS RANGEL,

    Plaintiff,

v.

JESSICA S. LORUM and
NEIL THORESON,

    Defendants.

Case No. 19-c-0451

## ANSWER TO AMENDED COMPLAINT

Defendant Jessica S. Lorum, by her attorneys, von Briesen & Roper, s.c., answers the amended complaint as follows:

1. Answering paragraph 1, denies any knowledge or information sufficient to form a belief as to the computer expertise or legal education of plaintiff and therefore denies all such allegations.

2. Answering paragraph 2, denies the truth of the allegations contained therein.

3. Answering paragraph 3, denies that defendant plead guilty to any charge, whether as alleged therein or otherwise.

4. Answering paragraph 4, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

5. Answering paragraph 5, admits generally the truth of the allegations contained therein.

6. Answering paragraph 6, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

7. Answering paragraphs 7, 8, 9 and 10, admits upon information and belief the truth of the allegations contained therein.

8. Answering paragraph 11, denies the truth of the allegations contained therein.

9. Answering paragraph 12, admits that defendant was a Parole Agent for the division of Community Corrections which is a Division of Wisconsin Department of Corrections, but denies the truth of the remaining allegations contained therein.

10. Answering paragraph 13, denies the truth of the allegations contained therein.

11. Answering paragraph 14, admits that defendant Thoreson was the Regional Chief, but denies the truth of the remaining allegations contained therein.

12. Answering paragraph 15, admits that defendant Francis was a Corrections Field Supervisor and defendant's supervisor at times, but denies the truth of the remaining allegations contained therein.

13. Answering paragraphs 16, 17, 18, 19, 20 and 21, denies the truth of the allegations contained therein.

14. Answering paragraph 22, denies that any criminal acts were committed by defendant against plaintiff, whether as alleged therein or otherwise; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

15. Answering paragraph 23, denies the truth of the allegations contained therein.

16. Answering paragraph 24, admits that DOC/DCC has a policy as alleged therein; further answering said paragraph, denies the truth of the remaining allegations contained therein.

17. Answering paragraph 25, affirmatively alleges that the allegations contained therein are legal conclusions as to which no answer is required; to the extent an answer is required,

defendant admits that the language contained therein is contained in the decision cited therein, but affirmatively alleges that the quoted language does not properly, fully, adequately, or completely describe the relevant provisions of law.

18. Answering paragraph 26, affirmatively alleges that the allegations contained therein are legal conclusions as to which no answer is required; to the extent an answer is required, defendant admits that the language contained therein is contained in the decision cited therein, but affirmatively alleges that the quoted language does not properly, fully, adequately, or completely describe the relevant provisions of law.

19. Answering paragraph 27, admit that the policy concerning probation agents exists; further answering said paragraph, denies the truth of the remaining allegations contained therein.

20. Answering paragraph 28, denies that defendant plead guilty; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

## AFFIRMATIVE DEFENSES

Now comes this answer defendant, and as and for her first affirmative defense, alleges that she has not been properly served with process, that, as a result thereof, this Court lacks personal jurisdiction over her, and that, as a result thereof, this action has not been properly or timely commenced against her.

As and for a further affirmative defense, alleges that plaintiff's claims are barred by the doctrines of *in pari delicto* and based on the doctrine of unclean hands.

As and for a further affirmative defense, alleges that any injuries or damages that may have been sustained by plaintiff were caused directly and proximately by his intentionally wrongful conduct at the time of and prior to the events involved herein.

**WHEREFORE**, this answering defendant demands judgment dismissing the complaint against her on its merits, together with her costs and disbursements herein.

TRIAL BY A JURY OF SIX OF ALL ISSUES
PROPERLY TRIABLE BY A JURY IS HEREBY DEMANDED.

Dated at Milwaukee, Wisconsin this 5th of November, 2019

                                             s/Terry E. Johnson
                                             Terry E. Johnson, SBN: 1016704
                                             Attorney for Defendant Jessica S. Lorum
                                             von Briesen & Roper, s.c.
                                             411 E. Wisconsin Ave., Ste. 1000
                                             Milwaukee, WI 53202
                                             414-221-6605
                                             414-249-2604
                                             tjohnson@vonbriesen.com

33925318_1